# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2469 | **DATE** | 4/23/2013 |
| **CASE TITLE** | Duane Edwards (K-60859) vs. Mark Hodge | | |

**DOCKET ENTRY TEXT**

Edwards' motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at his place of confinement to make deductions from his trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. The complaint is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. The dismissal of this case shall count as one of Edwards' three allotted dismissals under 28 U.S.C. § 1915(g). The court advises Plaintiff that he now has three dismissals under § 1915(g), that he cannot proceed *in forma pauperis* in future actions filed in federal court (except for petitions for a writ of habeas corpus relief) unless he is in imminent danger of serious physical harm, and that he must inform that he has had three § 1915(g) dismissals for any future actions filed in federal court.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Duane Edwards, a Lawrence Correctional Center inmate, has filed this civil rights action raising claims similar to those raised in prior petitions seeking habeas corpus relief. He also challenges orders entered by this court and the Seventh Circuit with respect to his most recent habeas corpus petition filed in 2012. *See Edwards v. Hodge*, No. 12 C 3747 (N.D. Ill.) (Bucklo, J.), and *Edward v. Hodge*, No. 12-3094 (7th Cir.). Again raising issues with his 2000 conviction for aggravated sexual assault, Edwards contends that there was a double jeopardy violation when the state appellate court referred to the facts of a count of conviction for which he was acquitted when determining that there was sufficient evidence to support another count. Edwards raised this argument in his 2006 habeas petition, which this court denied and the Seventh Circuit denied a certificate of appealability ("CA"). *See Edwards v. Ryker*, No. 06 C 4271 (N.D. Ill.) (Bukclo, J.); *see also Edwards v. Ryker*, No. 07-2838 (7th Cir.).

In addition to challenging his conviction, Edwards challenges orders denying his 2012 petition for habeas corpus relief. In the 2012 habeas case, this court determined that Edwards had filed two previous petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 and that his third habeas petition, though brought under 28 U.S.C. § 2241, was a successive petition. The 2012 petition was dismissed for lack of jurisdiction since no permission to file it had been granted by the Seventh Circuit. *Edwards v. See* 28 U.S.C. §2244(b). *See Edwards*, No. 12 C 3747 (Order of June 22, 2012) (Bucklo, J.). The Seventh Circuit agreed and denied his request for a CA. *Edwards*, No. 12-3094 (7th Cir. Feb. 14, 2013).

In the present case, Edwards challenges the jurisdiction of this court when it ruled on his 2006 petition (perhaps to show that his 2012 petition was not successive). He further contends that the Seventh Circuit did not have jurisdiction to review the June 22, 2012, order dismissing his 2012 petition as successive since the notice of appeal was not from that order but from the denial of his motion to reconsider that order. Edwards requests as relief that this court "issue a writ of habeas corpus for immediate release or any other relief this Court deems just, equitable." (Doc. #1, Compl. at 25.)

# STATEMENT

Under 28 U.S.C. § 1915A, this court must conduct a preliminary review of any complaint filed by a prisoner and dismiss the complaint, or any claim therein, if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages against a party immune from such relief. The current complaint fails to state a claim upon which relief can be granted.

First, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). "[H]abeas corpus is the exclusive remedy for" a state prisoner to challenge his conviction in federal court. *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). Edwards specifies that he brings this case pursuant to 28 U.S.C. § 1343, which provides the jurisdictional basis for bringing civil rights claims. *Myles v. U.S.*, 416 F.3d 551, 554 (7th Cir. 2005). He cannot bring such an action for claims which, if successful, would call into question the validity of his conviction. *Heck*, 512 U.S. at 486; *Burd*, 702 F.3d at 432. Edwards' attempts for review of his habeas claims in a civil rights action fail to present a claim upon which this court can grant relief.

Second, Edwards may not file a separate suit to challenge orders entered in a previous case. Rather, he must seek review of such orders through an appeal or, if seeking review of a Seventh Circuit order, a petition for a writ of certiorari. *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004); *In re Hijazi,* 589 F.3d 401, 406 (7th Cir. 2009) (a party may not file a separate case, such as a petition for a writ of mandamus, as a substitute for an appeal to challenge orders entered in another case).

For the reasons stated above, Edwards' current complaint presents no claim upon which this court can grant relief. This case is dismissed. *See* § 1915A. The dismissal is with prejudice, as no amount of re-pleading could cure the legal defects with the complaint. The dismissal counts as one of Edwards' three allotted dismissals under 28 U.S.C. § 1915(g). Having accumulated three dismissals under §1915(g), he will not be able to pursue an action in federal court without prepaying the filing fee, unless he demonstrates that he is in imminent danger of serious physical harm, or without informing the court of his prior § 1915(g) dismissals. *See* § 1915(g); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

If Edwards wishes to appeal this dismissal, he should file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must also submit an application and set forth the issues he plans to raise on appeal. *See* Rule 24(a)(1)(C). If Edwards appeals, he will be responsible for the $455 appellate filing fee irrespective of the appeal's outcome. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, such a ruling may be counted as additional dismissal under 28 U.S.C. § 1915(g).

Lastly, Edwards' *in forma pauperis* application demonstrates that he is unable to prepay the filing fee. The court grants his motion for leave to proceed *in forma pauperis* and assesses an initial filing fee of $23.40. The inmate trust account officer at Edwards' place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Edwards' trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Edwards' account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Edwards' name and the case number of this case. Edwards shall remain responsible for the filing fee obligation, and Lawrence officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.